IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| Cedar Bear Naturales, | Memorandum Decision and Order Granting Motion for Short Form Discovery |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:17-cv-1076 CW |
| Liquid Herbals Manufacturing et al, | District Judge Clark Waddoups |
| Defendants. | Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 616 (b)(1)(A).[1] Pending before the court is Defendants' Short Form Discovery Motion asking the court to compel Plaintiff Cedar Bear Naturales to produce samples of their products, which were allegedly misappropriated.[2] As set forth below the court will grant the motion.

The current dispute centers on the alleged misappropriation by Defendants of Plaintiff's products. Cedar Bear "has developed and formulated over 150 proprietary liquid herbal formulas using … proprietary manufacturing processes."[3] Carl Robinson, the founder, President and CEO of Cedar Bear, is the inventor of the "proprietary herbal extraction process" that led to the production of these liquid herbal formulas and this extraction process "forms the basis of this trade secret action."[4] Among the alleged misappropriated products are "Cleans Drops, Immune Booster, Nervestra, Prostavec, and Uricel."[5] Defendants seek samples of these products under Federal Rule 26 and Plaintiff resists their production due to Federal Regulations.

---

[1] ECF No. 7.

[2] ECF No. 48.

[3] Complaint ¶13.

[4] *Id.* ¶2.

[5] Mtn. p. 2.

> Rule 26(b)(1) provides:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[6]

Additionally, under Rule 26(a) a party is required to disclose "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, …."[7]

Defendants have requested a sample of each of the products at issue for testing to refute Plaintiff's allegations. Mr. Robinson testified that the only testing of both parties' products which has been done is taste testing. Under the Federal Rules, and based upon the nature of this case, the court finds the requested discovery regarding the products at issue—Cleans Drops, Immune Booster, Nervestra, Prostavec, and Uricel—is relevant and proportional to the needs of this case. In fact, Cedar Bear does not dispute the relevancy of the requested product samples or that the requests are proportional. Rather, Cedar Bear asserts it will violate Federal Regulations if it produces the samples.

---

[6] Fed. R. Civ. P. 26(b)(1); *see also* Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd., 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion.") (quotations and citations omitted).

[7] Fed. R. Civ. P. 26(a)(1)(A)(ii).

Cedar Bear manufactures dietary supplements and therefore is subject to Title 21 of the Code of Federal Regulations, Part 111.[8] The Federal Regulations impose the following requirement on Cedar Bear regarding the need to reserve samples of products.

> (a) You must collect and hold reserve samples of each lot of packaged and labeled dietary supplements that you distribute.
>
> (b) The reserve samples must:
> (1) Be held using the same container-closure system in which the packaged and labeled dietary supplement is distributed, or if distributing dietary supplements to be packaged and labeled, using a container-closure system that provides essentially the same characteristics to protect against contamination or deterioration as the one in which it is distributed for packaging and labeling elsewhere;
>
> (2) Be identified with the batch, lot, or control number;
>
> (3) Be retained for 1 year past the shelf life date (if shelf life dating is used), or for 2 years from the date of distribution of the last batch of dietary supplements associated with the reserve sample, for use in appropriate investigations; and
>
> (4) Consist of at least twice the quantity necessary for all tests or examinations to determine whether or not the dietary supplement meets product specifications.[9]

"Cedar Bear no longer manufactures Cleans Drops, Immune Booster, Nervestra, Prostavec or Uricel."[10] Plaintiff provides that it has kept two, and only two, one-ounce bottles of each product in a sealed container. This is twice the amount needed for testing or investigation by the FDA and therefore complies with Federal Regulations. Cedar Bear notes that the shelf life for these products is four years, therefore they must retain these

---

[8] *See* 21 C.F.R. § 111.1(a) (Except as provided by paragraph (b) of this section, you are subject to this part if you manufacture, package, label, or hold a dietary supplement, including:

(1) A dietary supplement you manufacture but that is packaged or labeled by another person; and

(2) A dietary supplement imported or offered for import in any State or territory of the United States, the District of Columbia, or the Commonwealth of Puerto Rico.")

[9] 21 C.F.R. § 111.83.

[10] Op. p. 2.

sealed samples for a minimum of five years, which is until 2021. At oral argument, Cedar Bear stated that it is under the same constraints as Defendants, because it cannot open or use these saved samples. However, the court is still left with the question regarding the fairness and appropriateness of allowing Cedar Bear to use its allegations of misappropriation, including similar taste, without allowing Defendants an opportunity to rebut these assertions.

In *Vitamins Online, Inc. v. Heartwise, Inc.*[11] this court faced a similar problem. Plaintiff brought claims regarding dietary supplements and sought to test Defendant's products. Despite agreeing to do so, Defendant failed to produce samples for testing. In resisting production of the products for testing Defendant made the same arguments brought by Cedar Bear in this case. The regulations under the Food and Drug Administration required it "to retain a certain quantity of each batch of its products so that they may be tested or examined by the FDA if necessary."[12] And, it only had "the amount of bottles required by the FDA for some of its products, and compelling it to produce those bottles to Plaintiff for testing will render it non-compliant with the FDA's regulations and possibly subject it to sanctions."[13] The court rejected these arguments stating that the order compelling production of the samples would "serve as protection against any potential sanction imposed by the FDA for failure to abide by its regulations."[14]

---

[11] *Vitamins Online, Inc. v. Heartwise, Inc.,* No. 213CV00982DAKPMW, 2016 WL 1305144 (D. Utah Mar. 31, 2016), aff'd, 2016-2 Trade Cases P 79707, 2016 WL 3747582 (D. Utah July 11, 2016)2016 WL 1305144 (D. Utah March 31, 2016).

[12] *Id.* at *1.

[13] *Id.*

[14] *Id.*

The court is persuaded by the reasoning found in *Vitamins Online*. This order will serve as protection for the concerns raised by Cedar Bear. As noted earlier, the discovery is relevant and proportional. Additionally, the court finds it would be prejudicial to allow Cedar Bear to bring claims of misappropriation for these products while not allowing Defendants to refute these claims. Thus, Cedar Bear is ordered to produce the products for comparative testing. The amount of available product, however, is small. Due to the limited supply, the parties are to stipulate to the testing facility and testing methodologies for testing these products to help move this matter toward resolution.[15]

## ORDER

Defendants' Short Form Discovery Motion is GRANTED. Samples of the products at issue are to be provided for testing. The parties are ORDERED to stipulate to the testing facility and testing methodologies for testing the remaining products within thirty (30) days from the date of this order.

IT IS SO ORDERED.

DATED this 2 October 2018.

Brooke C. Wells
United States Magistrate Judge

---

[15] *See Vitamins Online, Inc. v. Heartwise, Inc.*, 2016-2 Trade Cases P 79707, 2016 WL 3747582, at *5 (D. Utah July 11, 2016) (concluding that Judge Warner's order directing the parties to stipulate to the testing facility and testing methodologies was not clearly erroneous or contrary to law).